| | | |
|---|---|---|
| PATRICK COLLINS, INC. | * | IN THE |
| Plaintiff | * | UNITED STATES DISTRICT COURT |
| v. | * | FOR |
| ELLEN HARRIS A/KA/ JOHN DOE 11 | * | THE DISTRICT OF MARYLAND |
| Defendant | * | CIVIL ACTION  NO. 8-11-CV-01772-AW |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## ANSWER

Defendant Ellen Harris a/k/a John Doe 11 ("Ms. Harris"), by her attorney, Matheau J. W. Stout, Esq. answers the Plaintiff's Complaint as follows:

1. The Court lacks jurisdiction over the subject matter.

2. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

3. Plaintiff has failed to join a party required by Rule 19.

4. Plaintiff's Complaint is barred for insufficient process and/or insufficient service of process.

5. Ms. Harris generally denies all liability and demands strict proof of Plaintiff's claims.

6. Ms. Harris denies the legal existence of Patrick Collins, Inc.

7. Ms. Harris denies the capacity of Patrick Collins, Inc. to bring this lawsuit.

8. Ms. Harris denies the authority of Patrick Collins, Inc. to sue in a representative capacity.

9. Ms. Harris denies that she is the proper Defendant in this lawsuit and contends that Plaintiff did not perform the required good faith due diligence before filing and maintaining this lawsuit against her.

10. Ms. Harries denies Plaintiff's assertion in paragraphs 4 and 9 of the Complaint and contends that there is no evidence that "the ISP to which Defendant subscribes can correlate the Defendant's IP address to the Defendant's true identity."

11. Plaintiff's Exhibit A shows John Doe 11 to have committed the alleged infringement on June 2, 2011 from an ISP address at her home in Taneytown, a/k/a Westminster, Maryland when she was in fact physically at work in Baltimore, Maryland on that date, at

the time the alleged infringement occurred; Ms. Harris thus denies being John Doe 11 and asserts that Plaintiff's own Exhibits demonstrate that she cannot be John Doe 11, making the continued prosecution of this case against puzzling.

12. Ms. Harris denies that the ISP provided by Comcast pursuant to Plaintiff's subpoena identifies her, a 50 year old woman, as an "infringer" who purportedly somehow downloaded Plaintiff's pornography "Cuties 2" from Taneytown, Maryland since the alleged infringement, according to Plaintiff's Exhibit A, occurred at 5:53 p.m. GMT (Greenwich Mean Time) which is actually only 12:53 p.m. in Maryland, EST (Eastern Standard Time) and clearly in the middle of her workday, more than a dozen of Ms. Harris' coworkers can attest to her presence on that date at the Baltimore Sun building in Baltimore Maryland, some 46.56 miles and 1 hour *each way* from her home address, at the time of the alleged infringement.

13. Ms. Harris denies that the ISP provided by Comcast and later allegedly "investigated" by IPP, Limited, proves anything other than that any neighbor or any passerby in her townhouse community may have gained remote access to her router or internet connection without her consent or knowledge in order to download Plaintiff's pornography when Ms. Harris was at work.

14. Ms. Harris denies that the ISP provided by Comcast pursuant to Plaintiff's subpoena and later allegedly "investigated" by IPP, Limited proves anything other than that which is already notoriously known; that Comcast internet service is unsecure, and could easily have been hacked into by any neighbor or passerby in Ms. Harris' townhouse community when she was at work.

15. Ms. Harris denies ever having ever heard of "Bit Torrent" or "Patrick Collins, Inc." before being served with a lawsuit.

16. Ms. Harris denies ever having heard of or having used any "peer-to-peer filing sharing protocols" in her life for any reason whatsoever.

17. Ms. Harris denies having any knowledge of any of the terms on the "copy of the BitTorrent vocabulary list" from www.Wikipedia.com and attached to Plaintiff's Complaint as Exhibit C.

18. Ms. Harris thus can neither admit nor deny the bulk of Plaintiff's Complaint, namely paragraphs 14 through 42, which consist only of highly technical jargon which supposedly describes how the underlying technology of "Bit Torrent" works.

19. Plaintiff has not established copyright ownership and validity.

20. Ms. Harris denies the execution of any written instrument, and likewise denies the uploading, downloading, sharing, or viewing of any "file."

21. Defendant's alleged acts, even if committed as Plaintiff contends, do not show prima facie evidence of infringement.

22. Plaintiff has failed to establish that Ms. Harris herself actually committed the acts which Plaintiff alleges constitute infringement.

23. Plaintiff has failed to allege how it intends to prove Ms. Harris herself actually committed the acts which Plaintiff alleges constitute infringement.

24. Plaintiff has failed to establish that Defendant's alleged conduct was willful or that it is entitled to an award of statutory damages; Plaintiff asserts in paragraph 12 of its Complaint that its copyright application "was filed on or about May 26, 2011" and John Doe 11's infringement is alleged by Plaintiff to have occurred just 11 days later, on June 2, 2011.

25. Plaintiff has likewise failed to put forth any basis whereby it might plausibly have suffered actual monetary damages by the acts allegedly committed by Ms. Harris.

26. Defendant's alleged acts, even if committed as Plaintiff contends, do not constitute infringement.

27. Plaintiff's claim is barred for equitable reasons.

28. Plaintiff's claim is barred by Plaintiff's own misuse or abandonment of the copyright.

29. Plaintiff's claim is barred because the material is in the public domain.

30. Plaintiff's claim is barred by consent.

31. Plaintiff's claim is barred by fraud on the Copyright office.

32. Plaintiff's Complaint is barred by the fair use doctrine.

33. Plaintiff's claims, even if true, do not constitute infringement.

34. Plaintiff's claims are barred by the doctrine of accord and satisfaction.

35. Plaintiff assumed the risk of some or all the injuries or damages allegedly sustained.

36. Plaintiff's claims are barred by the doctrine of unclean hands.

37. The claims set forth in the Complaint are barred by the doctrine of collateral estoppel.

38. Plaintiff was contributorily negligent, causing in whole or in part the injuries or damages allegedly sustained.

39. The claims set forth in the Complaint are barred by the doctrine of duress.

40. The claims set forth in the Complaint are barred by the doctrine of equitable estoppel.

41. The claims set forth in the Complaint are barred by the doctrine of fraud.

42. The claims set forth in the Complaint are barred by the doctrine of illegality.

43. The claims set forth in the Complaint are barred by the doctrine of laches.

44. The claims set forth in the Complaint are barred because Ms. Harris or other Defendant's in this action have already made payment of any amount due.

45. Plaintiff has released some or all of the claims asserted.

46. The claims set forth in the complaint are barred by the doctrine of res judicata.

47. The claims set forth in the Complaint are barred by the statute of frauds.

48. The Complaint is barred by the applicable statute or statutes of limitations.

49. The claims set forth in the Complaint are barred by the doctrine of ultra vires.

50. Plaintiff has waived some or all of the claims asserted.

51. Even if Ms. Harris had committed the acts alleged in Plaintiff's Complaint, her conduct would have been innocent.

52. Even if Ms. Harris had committed the acts alleged in Plaintiff's Complaint, her conduct would have been de minimus.

53. Others' negligent acts or omissions may have constituted intervening or superseding causes of all damages or injuries allegedly sustained.

Respectfully submitted,

December 29, 2011

*/s/ Matheau J. W. Stout*
Matheau J. W. Stout (28054)
P.O. Box 26144
Baltimore, Maryland 21210
(410) 929-9860 Tel
(410) 415-3165 Alt
(888) 907-1740 Fax

*Attorney for Defendant Ellen Harris a/k/a John Doe 11*

Case 8:11-cv-01772-AW   Document 39   Filed 12/29/11   Page 5 of 5


**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on this 29th of December, 2011, to the extent that the following persons were not served electronically via the CM/ECF system, I caused a copy of the forgoing Answer to be sent by first class mail, postage prepaid to Plaintiff's counsel, Jon A. Hoppe, Esq., Maddox, Hoppe, Hoofnagle & Hafey, LLC, 1401 Mercantile Lane, Suite 105, Largo, Maryland 20774.

*/s/ Matheau J. W. Stout*
Matheau J. W. Stout (28054)